IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| OLVIN ALEXANDER FLORES PEREZ | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:25-CV-00336 |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA J. BONDI, in her official capacity as Attorney General of the United States; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; and ALEXANDER SANCHEZ, in his official capacity as Warden of the IAH Secure Adult Detention Facility, | § § § § § § § § § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Olvin Alexander Flores Perez (Flores)'s Petition for Writ of Habeas Corpus (the Petition), filed on December 15, 2025. [Dkt. 1]. For the reasons below, the Petition is **DENIED.**

**I. BACKGROUND**

Petitioner Olvin Alexander Flores Perez is a Honduran national who entered the United States illegally in 2007. *See* [Dkt. 1 at 2]. In 2018, immigration authorities apprehended Flores and placed him in removal proceedings but released him on bond shortly afterwards. *Id.* at 2. Flores's removal proceedings were administratively closed in 2023. *Id.* However, in October 2025, Flores was taken into custody once again, this time by two "bounty hunters" and their police escort. *Id.* Flores's captors brought him to Galveston County jail, where he was transferred to the custody of United States Immigration and Customs Enforcement (ICE). *Id.* Upon taking Flores into custody, ICE initiated new removal proceedings against him and transported him to a detention facility in Livingston, Texas,

1

where he has remained since. *See id.* at 3. On December 15, 2025, Flores filed this habeas action, claiming that his arrest violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. *Id.* at 2.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Unlawful Arrest

While Flores argues that his arrest was unconstitutional, he does not challenge the Government's legal authority to detain him while his removal proceedings are pending. [Dkt. 1 at 20–21]. In other words, Flores merely claims that his arrest was unlawful, not his confinement. However, an unlawful arrest, without more, does not entitle the arrestee to habeas relief. *See Howard v. Allgood*, 272 F. Supp. 381, 384 (E.D. La. 1967) ("[A]n unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction"); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1910) ("[I]f sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest . . . "). Because Flores illegally entered the United States and remains present in the United States without legal status, he is deportable. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Flores's ongoing confinement during deportation proceedings is lawful regardless of whether he was lawfully arrested. *See id.* § 1226(a); *Howard*, 272 F. Supp. at 384; *Bilokumsky*, 263 U.S. at 158. Flores is therefore not entitled to habeas relief. *See Pierre*, 525 F.2d at

935 (emphasis added); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.).

## IV. CONCLUSION

It is therefore **ORDERED** that Flores's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of March, 2026.**

Michael J. Truncale
United States District Judge